### In re HEALTH PLAN OF THE REDWOODS, Debtor.

#### No. 02–11358.

United States Bankruptcy Court, N.D. California.

July 17, 2002.

Samuel R. Maizel, Pachulski, Stang, Ziehl, Young, Los Angeles, CA, for Debtor.

Edward G. Myrtle, Office of the U.S. Trustee, San Francisco, CA, for U.S. Trustee.

Christopher Love, Law Offices of Stromsheim and Assoc., San Francisco, CA, for Other Professional.

Aron M. Oliner Buchalter, Nemer, Fields and Younger, San Francisco, CA, for Creditors' Committee in the Health Plan of the Redwoods case.

### Memorandum of Decision on Motion to Reject Executory Contract

ALAN JAROSLOVSKY, Bankruptcy Judge.

Chapter 11 debtor Health Plan of the Redwoods is a non-profit health maintenance organization. It seeks to exercise its right pursuant to § 365(a) of the Bankruptcy Code to reject its executory contract with the federal Centers for Medicare and Medicaid Services under which the debtor provides medical services for Medicare-eligible persons. The contract expires by its own terms on December 31, 2002, so rejection at this time only moves up the termination by a few months.

The motion is not opposed by the federal government, nor is it opposed by the Creditors' Committee. One objection has been filed, by creditor Sonoma Valley Health Care District. It argues that first that rejection will place it in dire straits and second that rejection would be unfair to the debtor's members who are on Medicare.

■ The court begins by noting that the debtor is exercising sound business judgment in seeking to reject the contract. First, rejection will put an end to continuing losses which have resulted from the contract. Second, rejection will allow the debtor to significantly reduce its overhead. Third, the debtor may be losing commercial business due to a perception that the commercial members are in effect subsidizing the Medicare members. This find-ing probably ends the discussion over whether the contract should be rejected, but the court will address the other issues raised in the objection.

It is not necessary for the court to discuss the relevance of Sonoma Valley's assertion that rejection would place its continuation in jeopardy because the evidence does not support the assertion; the court charitably considers this argument as hyperbole. To the extent that Sonoma Valley faces any real difficulty, it is a difficulty of its own making. It failed to set up a proper reserve in the first month of its relationship with the debtor, when there was a large cash surplus, so that it would not face a cash flow problem in the last month when there would be a clearly foreseeable shortfall.

The court is of course concerned with the welfare of the debtor's members who are on Medicare. However, none of those persons will be left without medical coverage. Each will have the choice of staying with his or her current physician at increased cost or traveling somewhat further than present for health care at the current cost. This is exactly the same choice each Medicare member would have to make by the end of the year anyway.

■ Since the debtor has the right under the Bankruptcy Code to reject the contract, the court's discretion is limited once it has determined that the debtor is exercising sound judgment. However, the evidence established that the debtor is solvent, or nearly so. This gives the court a little more discretion than it would ordinarily have. *In re Chi–Feng Huang*, 23 B.R. 798, 803 (9th Cir. BAP 1982). Evidence was presented that some Medicare members were told by the debtor that they would receive 90 days notice before the debtor terminated its Medicare contract. Giving effect to this promise will not seriously impact the debtor's reorganization efforts or the dividend to creditors in the event of liquidation. Accordingly, the

court will exercise this discretion and grant the motion provided that the effective date of rejection will be no earlier than October 31, 2002.

Counsel for the debtor shall submit an appropriate form of order.